UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ERIC TABARO NSHIMIYE,<br><br>Defendant. | Case No. 1:24-cr-10071-FDS |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

COMES NOW, Defendant Eric Nshimiye, by and through his counsel of record, Kurt P. Kerns of Kerns Law Group, LLC and Maksim Nemtsev of Maksim Nemtsev, PC, and hereby respectfully submits the following supplemental authority in support of defendant's Motion for Bond.

Specifically, the defense has located the following cases permitting this Honorable Court to reopen a detention hearing pursuant to 18 U.S.C. § 3142(f) based on defendants' offers of additional collateral or other conditions of release, which were previously unknown or unavailable:

- United States v. Ward, 63 F. Supp. 2d 1203 (C.D. Cal. 1999) (Defendant was entitled to reopening detention hearing for review of detention order based on ground that his immediate family was ready to post "upwards of one million dollars of real property" to secure his release and appearance since full extent of defendant's potential sureties was not fully known and available to him on date of initial hearing and the collateral that defendant's immediate family and relatives were offering to secure an appearance bond for his release had a material bearing on whether there was a condition of release that would reasonably assure defendant's appearance at trial) (relying, in part, on *United States v. Dillon,* 938 F.2d 1412 (1st Cir.1991).

- United States v. Treselyan, No. CR2000549001PHXDWL, 2021 WL 3055040, at *2 (D. Ariz. July 20, 2021) (reopening detention hearing where defendant "was not aware of the full extent of financial resources available to him at the time of the initial hearing[]" which included a $289,256.29 insurance settlement from the destruction of his home).

- United States v. Viera, No. 122CR00306JLTSKO2, 2023 WL 8087921, at *2 (E.D. Cal. Nov. 21, 2023) (reopening detention hearing based on newly available "third party custodian").

As the defense proffered during the April 30, 2024, hearing, the availability, valuation, and equity of the five properties now being offered to secure Mr. Nshimiye's bail was not known to and not readily available during the initial detention hearing. Accordingly, the defense respectfully requests this Honorable Court to reopen the detention hearing and to consider the newly available collateral in its assessment of whether there are conditions of release that would reasonably assure the appearance of the defendant.

Respectfully submitted,

/s/ Kurt P. Kerns
Kurt P. Kerns, Kansas S.C. No. 15028
KERNS LAW GROUP
328 N. Main Street
Wichita, KS 67202
Telephone: (316) 265-5511
Email: kurtpkerns@aol.com

/s/ Maksim Nemtsev
Maksim Nemtsev, Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
Telephone: (617) 227-3700
Email: menemtsev@gmail.com
*Counsel for Defendant Eric Nshimiye*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and authentic copy of the above and foregoing was filed and served electronically pursuant to the CM/ECF system on May 6, 2024, on all counsel of record.

/s/ Maksim Nemtsev
Maksim Nemtsev, Mass. Bar No. 690826