UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC TABARO NSHIMIYE, )<br>)<br>Defendant. )<br>) | Case No. 1:24-cr-10071-FDS |

**OBJECTIONS UNDER FED. R. CRIM. P. 59(a) TO ORDER DENYING APPOINTMENT OF SECOND CJA COUNSEL**

Pursuant to Fed. R. Crim. P. 59(a) and the Criminal Justice Act, 18 U.S.C. § 3006A, Mr. Nshimiye respectfully objects to the Magistrate Judge's May 29, 2025 Order, Dkt. 99, insofar as it declines to appoint a second CJA counsel. The Guide to Judiciary Policy permits a second lawyer in an "extremely difficult" case when the interests of justice so require. 7 Guide, Vol. 7A, Ch. 2, § 230.53.20. As detailed below, this genocide prosecution satisfies that standard, and the interests of justice strongly favor the continued participation of both attorneys, who have already devoted substantial efforts at home and abroad.

At its core, the government accuses Mr. Nshimiye of mass murder and rape arising from his alleged role in the 1994 Rwandan genocide. Trial will therefore hinge on reconstructing events that unfolded three decades ago in Africa, without video evidence and with nearly every witness still overseas. Accordingly, any meaningful defense demands an extensive defense effort: locating, interviewing, and preserving the testimony of dozens of Kinyarwanda and French speaking witnesses, whether through live appearance or Rule 15 depositions. Although counsel has already traveled to Africa, and identified dozens of favorable witnesses, additional trips will be necessary to identify further exculpatory witnesses and finalize foreign-evidence arrangements. Those efforts

1

are further complicated by a protective order that restricts access to government witnesses and their identities. Put simply, this case, like all other Rwandan-genocide cases, is exceptional in evidentiary complexity, breadth, and the challenges it poses to mounting an effective defense.

As a result, in many other federal prosecutions that stem from the Rwandan genocide, defendants have been represented at trial by at least two qualified attorneys. Examples include:

- *United States v. Teganya*, 17-cr-10292-FDS (D. Mass) (represented by Attorneys Lauer and Watkins);

- *United States v. Kantengwa*, Dkt. 08-cr-10385-RGS (D. Mass) (represented by Attorneys Lange, McGinty, and Fried);

- *United States v. Munyenyezi*, 10-cr-00085-SM (D.N.H) (represented by Attorneys Ruoff and Howard); and

- *United States v. Gasana*, 20-cr-00016-LM (D.N.H) (represented by Attorneys Levin and Mirhashem).

- *United States v. Kobagaya,* 09-10005-01-MLB (represented by Attorneys Kurt Kerns and Melanie Morgan).

The government, in this case, and others are and were equally represented by at least two attorneys. Requiring Mr. Nshimiye to have one lawyer would place that single lawyer in the untenable position of coordinating a bi-continental defense without co-counsel and risk spawning ineffective-assistance claims when resources prove inadequate.

Courts have not hesitated to add counsel where complexity or obligations demand it. In the case cited by the Magistrate Judge, *United States v. Gerace*, the court found that under the W.D.N.Y CJA Plan the case was "unusually complex" necessitating two attorney "due to the sheer volume of discovery" which was 3 terabytes and "in excess of the 500 gigabyte guideline incorporated into the CJA Policies and Procedures." No. 1:23-CR-99(LJV)(JJM), 2025 WL 1374947, at *3 (W.D.N.Y. May 13, 2025). While this case does not have the same quantity of

discovery,[1] the other considerations within the guidelines relied upon in *Gerace*,[2] including "[l]engthy trial proceedings," "[c]omplex case," "[l]engthy or complicated sentencing exposure," "[c]ases where a plea appears out of question because of such factors as immigration status or deportation consequences," and "any case which appears, from an early stage, destined for trial" strongly support the appointment of two attorneys here.[3] These concerns are heightened because the government's proof turns on potentially biased overseas witnesses, and a conviction would bring not only a prison term but also denaturalization and deportation from the country where Mr. Nshimiye has lived, worked, and raised a family for thirty years.

The court may also consider the United Nations tribunals that were created to deal with alleged war crimes from 1994 in Rwanda. The U.N. routinely appoints two lawyers, three legal assistants and a full-time investigator to represent charged defendants. Not a single case exists to defense counsel's knowledge where the I.C.T.R. appointed a single lawyer, taxed with providing effective assistance of counsel.

Accordingly, the defense respectfully requests this Honorable Court to appoint both Kurt P. Kerns and Maksim Nemtsev as CJA counsel, effective *nunc pro tunc* to the date of his original motion.

---

[1] Although some of it is in foreign languages presenting its own challenges.
[2] Link available at *https://www.nywd.uscourts.gov/sites/nywd/files/WDNY_Policy%20and%20Procedure%20Manual_Jan%202023_Rates.pdf* (last visited June 9, 2025).
[3] *Id.* at App. 7.

Respectfully submitted,

/s/ Kurt P. Kerns
Kurt P. Kerns, Kansas S.C. No. 15028
KERNS LAW GROUP
328 N. Main Street
Wichita, KS 67202
Telephone: (316) 265-5511
Email: kurtpkerns@aol.com

/s/ Maksim Nemtsev
Maksim Nemtsev, Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
Telephone: (617) 227-3700
Email: menemtsev@gmail.com
*Counsel for Defendant Eric Nshimiye*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and authentic copy of the above and foregoing was filed and served electronically pursuant to the CM/ECF system on June 11, 2025, on all counsel of record.

/s/ Maksim Nemtsev
Maksim Nemtsev, Mass. Bar No. 690826