UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)   Crim. No. 24-cr-10071-FDS<br>ERIC TABARO NSHIMIYE,   )<br>)<br>Defendant.   ) | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S SUBMISSION REGARDING HIS REQUESTED LETTERS ROGATORY**

The government respectfully submits this response to the defendant's submission concerning his request for issuance of letters rogatory (Dkt. No. 132) to address three specific issues: (i) The defendant's "further-narrowed" letters rogatory request; (ii) the government's anticipated requests to the International Criminal Tribune for Rwanda ("ICTR") for prior testimony of potential witnesses; and (iii) the defendant's request for employment records from Doctors Without Borders / Médecins Sans Frontières.

*The Defendant's "Further-Narrowed" Letters Rogatory Requests Are Anything But.*

Seven months ago, the Magistrate Court denied the first iteration of Nshimiye's request for letters rogatory, concluding that the proposed letters "amount to a fishing expedition and lack specificity," that the defendant was "using at least some of the letters as a discovery device," and that issuing the letters would violate both Rule 17(c) and the standards set forth by the Supreme Court in *United States v. Nixon*. Dkt. No. 77. Nshimiye appealed that ruling to this Court claiming that the proposed letters—some of which sought testimony from seventy-two witnesses and relating to seven different sites and events—were "precise" and "focused." Dkt. No. 127. At a October 14, 2025 status conference, the Court agreed with the government that the requests were

overbroad and not reasonably targeted towards obtaining admissible evidence, and ordered the defendant to submitted narrowed requests. (Dkt. No. 131).

The Defendant now requests issuance of three letters rogatory, as follows:

- *Exhibit 4* (Dkt. No. 132-1) is directed to the Ministry of Justice of Rwanda and seeks "Documents from the Gacaca court archives—either in the Huye District or from the district addressing genocide-related cases and activities from Butare and the University Hospital" pertaining to *forty-two* individuals and seven sites or events.

- *Exhibit 6* (ECF No. 132-2) is directed to the International Residual Mechanism for Criminal Tribunals and the ITCR and seeks information about witnesses from four prior ICTR proceedings—including transcripts of testimony, prior statements of the witnesses, and exhibits used in the proceedings. Counting up the witnesses across the four proceedings, the request appears to seek information concerning *eighty-three* witnesses.

- *Exhibit 7* (ECF No. 132-3) is directed at Office of the Prosecutor for the ICTR or IRMCT in Tanzania and seeks "complete, unredacted statements, including statements made to the ICTR or IRMCT prosecutors or investigator[s], and testimony, including in both public and closed sessions" by or related to *thirty-seven* individuals and seven locations, as well as all materials that "otherwise include any of the" listed names and locations.

While the defendant now seeks fewer letters rogatory and the proposed letters relate to fewer individuals, the defendant has failed to cure the fundamental flaw that existed in prior iterations of his request—that the requests fail the requirements of "(1) relevancy; (2) admissibility; and (3) specificity," *United States v. LaRouche*, 841 F.2d 1176, 1179 (1988), and amount to a "general 'fishing expedition,'" *United States v. Nixon*, 418 U.S. 683, 700 (1974). Indeed, the most the defendant musters in support of his revised requests is to assert that these proposed letters rogatory "concern[] the conduct of third parties that overlaps in time, place, and subject matter with the allegations against Mr. Nshimiye, as well as the victims and sites relevant to this case" (Dkt. 132 at 1). A naked assertion of "overlap" in time, place, and subject matter is

a far cry from establishing relevance, admissibility, or specificity. The Court should deny defendant's request for letters rogatory for the same reasons that prior iterations have been rejected.

*The Government Anticipates Requesting Testimony of Potential Witnesses and Victims from the ICTR and Will Make Reasonable Requests on the Defendant's Behalf.*

The government is still in process of finalizing its list of potential Rwandan witnesses. As it does, it anticipates that it will make targeted requests to the ICTR for prior testimony and statements of those potential witnesses. The government has offered to include the names of discrete defense witnesses in that request. In response, rather than provide a reasonable and targeted list of names, the defendant requested that the government submit the three overbroad set of requests contained in the defendant's proposed letters rogatory.

The government reiterates that it will make targeted and specific requests on the defendant's behalf. The government is also fully conscious of (and shares) the Court's interest in obtaining any potentially exculpatory evidence or testimony that might exist.[1] But the government will not engage in an impermissible fishing expedition on the defendant's behalf and rejects the defendant's suggestion that the government should itself seek the overbroad categories of documents contained in defendant's proposed letters rogatory.

*The Government Will Request Employment Records from Doctors Without Borders / Médecins Sans Frontières.*

The defendant contends that there may exist records showing that he had traveled to the Democratic Republic of Congo at the outset of the Rwandan genocide (using a Rwandan passport) and worked for Médecins Sans Frontières in the DRC. So far, government requests for passports and other travel documents to both Rwanda and Kenya yielded no records to support this claim, while eyewitness accounts place the defendant in Butare during the genocide. Nevertheless, to

---

[1] The government has no reason to believe that the ICTR is in possession of any such exculpatory information and is not under any obligation to pursue such materials that are outside of its possession, custody, or control.

resolve any uncertainty and moot the parties' dispute on this issue, the government will make a request to the French headquarters of Médecins Sans Frontières (consistent with the defendant's proposed letter rogatory) for: "Documents evidencing Eric Nshimiye or Eric Nshimiyimana['s] employment with the Médecins Sans Frontières in the Democratic Republic of Congo in 1994, including copies of passports, pay stubs, and/or work applications" or, in the alternative, for a certification that no such employment records exist.

Respectfully submitted,

LEAH B. FOLEY,
United States Attorney

By:   */s Christopher Looney*
      Jason A. Casey
      Christopher Looney
      Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Christopher Looney*
Christopher Looney
Assistant U.S. Attorney