UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 24-cr-10071-FDS |
| ERIC TABARO NSHIMIYE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SUBMISSION REGARDING THE DEFENDANT'S REQUESTED LETTERS ROGATORY**

The government respectfully submits this memorandum in advance of the December 5, 2025, status conference regarding the District Court's referral of consideration of the Defendant's renewed request for issuance of letters rogatory. In very brief, the Defendant has been provided multiple opportunities to submit letters rogatory requests that are appropriately narrow and tailored towards obtaining relevant and admissible evidence, as required under the relevant legal standards. Despite this, each iteration of the requested letters rogatory—including the version presently before this Court—suffers the flaw that this Court identified in the very first version of the requests: The proposed letters "amount to a fishing expedition and lack specificity," the defendant was "using at least some of the letters as a discovery device," and issuing the letters would violate both Rule 17(c) and the standards set forth by the Supreme Court in *United States v. Nixon*. *See* Dkt. No. 77.

On January 17, 2025, the Defendant submitted, *ex parte*, the first iteration of his request for letters rogatory—requesting issuance of nine letters. Dkt. No. 62. On April 4, 2024, this Court entered an order denying the request for seven letters rogatory, but indicated that the Court might consider a renewed request for two letters if the Defendant demonstrated that he could not obtain the requested information through other means. Dkt. No. 77. The defendant subsequently

submitted, *ex parte*, a narrower version of the two requested letters. Dkt. No. 80. The court subsequently concluded that "allowing the government to review and address the *ex parte* motion [for the two letters] will not reveal trial strategy unknown to the government" and ordered the defense to disclose the motion and the letters to the government so that it could respond. Dkt. No. 84. After reviewing the two letters for the first time, the government agreed to seek the requested records—passport and other travel documents from Rwanda and Kenya from 1994—on the defense's behalf. Neither government request yielded any responsive records.

Defendant then filed an appeal to the District Court of this Court's decision denying seven of the requested letters rogatory—claiming that the requested letters were "precise" and "focused." Dkt. No. 127. Six of the requested letters sought a sprawling set of court records and investigative files concerning the genocide in Butare from courts in France, Canada, Rwanda, and Tanzania, the Gacaca community courts in Rwanda, and the ICTR's Office of the Prosecutor. Dkt. No. 127-3 through 127-9. A seventh letter sought employment records from the French headquarters of Doctors Without Borders where the defendant claims he was working in 1994 during part of the genocide. Dkt. No. 127-1 and 127-2.

At an October 14, 2025, status conference, the District Court agreed with the government that the requests were overbroad and not reasonably targeted towards obtaining admissible evidence, and ordered the defendant to submitted narrowed requests. Dkt. No. 131.

In response, the Defendant submitted a "narrowed" request for three letters rogatory:

- *Exhibit 4* (Dkt. No. 132-1) is directed to the Ministry of Justice of Rwanda and seeks "Documents from the Gacaca court archives—either in the Huye District or from the district addressing genocide-related cases and activities from Butare and the University Hospital" pertaining to *forty-two* individuals and seven sites or events.
- *Exhibit 6* (ECF No. 132-2) is directed to the International Residual Mechanism for Criminal Tribunals and the ITCR and seeks information about witnesses from four prior ICTR proceedings—including transcripts of testimony, prior statements of the

witnesses, and exhibits used in the proceedings. Counting up the witnesses across the four proceedings, the request appears to seek information concerning *eighty-three* witnesses.

- *Exhibit 7* (ECF No. 132-3) is directed at Office of the Prosecutor for the ICTR or IRMCT in Tanzania and seeks "complete, unredacted statements, including statements made to the ICTR or IRMCT prosecutors or investigator[s], and testimony, including in both public and closed sessions" by or related to *thirty-seven* individuals and seven locations, as well as all materials that "otherwise include any of the" listed names and locations.

The government opposed the renewed request for letters rogatory, explaining that the defendant failed to cure the fundamental flaw that existed in prior iterations of his request—because the requests fail to meet the requirements of "(1) relevancy; (2) admissibility; and (3) specificity," *United States v. LaRouche*, 841 F.2d 1176, 1179 (1988), and amount to a "general 'fishing expedition,'" *United States v. Nixon*, 418 U.S. 683, 700 (1974). *See* Dkt. No. 137.[1] At the same time, the government reiterated its long-standing offer to make targeted and specific requests on the defendant's behalf to obtain relevant and admissible evidence from overseas.

At a status conference on November 6, 2025, the District Court expressed his view that the letters rogatory remained overbroad but remanded the issue to the Magistrate Court for resolution.

* * * * *

Based on the foregoing—and the overbreadth of the pending requests for letters rogatory—the government submits that the Court should deny the requested letters.

First, as described above, the requested letters are overbroad and amount to a fishing expedition. Through multiple rounds of briefing, the Defendant has simply failed to articulate how these requests—which seek information pertaining to dozens and dozens of individuals and events—can clear the bar of relevancy, admissibility, and specificity.

[1] Separately, the Government has agreed to seek records pertaining to Defendant's purported employment with Doctors Without Borders / Medicines San Frontieres in France.

Second, the Defendant has now submitted multiple rounds of letters rogatory requests—and at each step been informed by the Court that the requests are overbroad and lack specificity. The Defendant's failure to tailor the requests and heed the Courts' guidance only further demonstrates that the requests amount to fishing expeditions.

Third, the government has repeatedly offered (and continues to offer) to make narrow and tailored record requests on the Defendant's behalf; but the Defendant has obstinately refused and insisted on pursuing the overbroad letters rogatory requests. The defense's inability to make targeted requests makes clear that the purpose of the proposed letters is not to obtain admissible evidence concerning particular witnesses, but rather to fish around *other* criminal cases involving *different* defendants for potential references to Nshimiye. This is the sort of classic fishing expedition that *Nixon* and Rule 17(c) are intended to prohibit.

Respectfully submitted,

LEAH B. FOLEY,
United States Attorney

By: <u>*/s/ Christopher Looney*</u>
Jason A. Casey
Christopher Looney
Assistant U.S. Attorneys

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>*/s/ Christopher Looney*</u>
Christopher Looney
Assistant U.S. Attorney