UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>    v. )<br>  )  Docket No. 24-cr-10071-FDS<br>ERIC TABARO NSHIMIYE, )<br>  a/k/a Eric Tabaro Nshimiyimana, )<br>  )<br>    Defendant. ) | |

**GOVERNMENT'S STATUS REPORT AND OPPOSITION
TO DEFENDANT'S SECOND MOTION TO CONTINUE THE TRIAL**

The government respectfully sets forth its position regarding the date for trial in the above-captioned matter:

*First*, recognizing that the parties may be choosing among imperfect options, the government maintains that the best available option is for trial to commence on March 16, 2026 with jury selection, opening statements, and the testimony of Rony Zachariah—continuing into March 17, 2026 as required to complete Dr. Zachariah's testimony. The trial can then be recessed until March 23, 2026.

*Second*, as a next-best alternative, the government requests that the case commence—as currently scheduled—on March 23, 2026. Subject to the assent of the defendant and the government, the government will attempt to call Dr. Zachariah via videoconference.

The government respectfully submits that either option permits the defense adequate time to review and incorporate recently produced materials (and additional reports that will be forthcoming shortly) into their defense strategy, interview relevant witnesses, and prepare an adequate defense. Further, defendant's belated independent efforts to obtain records from Rwanda

1

of Gacaca proceedings provide no basis for continuing this case. Defendant has provided no reason that he had not previously sought these records and there is no reason to believe that any records—if they exist and are obtainable—would be exculpatory.  Indeed, defendant's longstanding theory is that Eric Nshimiye had not previously been accused during the Gacaca proceedings; multiple witnesses—as described in interview reports provided by the government to the defendant—have explicitly contradicted this and indicated that Nshimiye was identified as a genocide perpetrator during the Gacaca proceedings.  Furthermore, even if responsive records do exist and can be produced in the next several weeks, there is no reason to believe they will be useable to the parties in March or April, as they likely will be handwritten in Kinyarwanda.

For the Court's information, the government and its witnesses are subject to the following constraints and conflicts known at this time:

- Dr. Zachariah, who works as a doctor for the World Health Organization, has indicated that he is unavailable on the following dates and time periods:  (i) March 21 through March 31 (work travel to India); (ii) April generally (personal and work travel to Guinea and India); (iii) May 6 through May 10 (travel to Luxembourg); and (iv) May 20 through 31 (travel to Senegal).

- The government's expert, Scott Straus, who is a professor at the University of California at Berkeley, has indicated that he is unavailable on the following dates: (i) April 5 through 15 (pre-planned international travel); (ii) April 1; and (iii) May 10 through 19 (graduation and commencement responsibilities in California).

- The lead case agent has a planned and prepaid vacation scheduled for April 19 through 27—which coincides with the school vacation for Massachusetts public schools.

- Undersigned counsel have trials scheduled to commence June 1 and September 14, 2026.

Beyond these identified conflicts, other witnesses may have additional conflicts of which the government is unaware; the government has not been able to contact each of its anticipated witnesses—particularly fact witnesses residing in Rwanda—at this time.

For the foregoing reasons, the government respectfully requests that trial commence on either (i) March 16, 2026 with a recess following the testimony of the government's first witness, Dr. Rony Zachariah; or (ii) March 23, 2026 with permission for Dr. Zachariah to testify by remote videoconference.

          Respectfully submitted,

          LEAH B. FOLEY
          United States Attorney

          */s/ Christopher Looney*
          Christopher Looney
          Jason A. Casey
          Assistant U.S. Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

          */s/ Christopher Looney*
          Christopher Looney
          Assistant U.S. Attorney